UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CONDREY LAND LLC AND** | * | CIVIL ACTION |
| **WITTEN CONSTRUCTION LLC** | * | |
| | * | NO. _____ |
| **VERSUS** | * | |
| | * | JUDGE _____ |
| **TRAVELERS INDEMNITY** | * | |
| **COMPANY OF CONNECTICUT** | * | MAG. _____ |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL AND JURY TRIAL DEMAND

Pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, defendant, The Travelers Indemnity Company of Connecticut ("Travelers"), incorrectly identified as Travelers Indemnity Company of Connecticut, hereby files this notice of removal, containing a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, thereby giving notice of removal of this matter from the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, to the United States District Court for the Western District of Louisiana, Monroe Division.[1] By filing this notice of removal, Travelers preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court.

1. As more fully explained below, this insurance coverage dispute is properly removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[1] (Ex. A, *in globo*, State Court Record.)

**PLAINTIFFS' ALLEGATIONS**

2. On December 9, 2019, plaintiffs, Condrey Land LLC ("Condrey") and Witten Construction LLC ("Witten"), filed an Original Petition (the "Petition") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.[2]

3. The Petition alleges that Condrey had purchased an insurance policy from Travelers to insure property located at 101 Crosley Street, West Monroe, Louisiana 71291 (the "Property").[3]

4. The Petition further alleges that on April 13, 2019, there was a "severe weather-related event" that caused "extensive damage" to the Property, including damage to the roofing system, and that this alleged damage was a covered loss under the policy.[4]

5. The Petition further alleges that Condrey opened a claim with Travelers for its losses, but that Travelers "wrongfully underpaid" the claim and "refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy."[5]

6. The Petition asserts against Travelers causes of action for breach of contract, breach of the duty of good faith and fair dealing, and "payment and adjustment of claim".[6]

7. For the first cause of action, the Petition alleges that on the date of the incident, Condrey had an insurance policy in effect with Travelers, that Travelers "wrongfully failed to comply with the terms of the contract by failing to accept coverage and pay for a covered loss," and that Travelers' breach of the contract caused Condrey to sustain damages.[7]

8. For the second cause of action, the Petition alleges that Travelers owed Condrey a duty of good faith and fair dealing and that Travelers breached this duty when it: (1)

---

[2] (Ex. A, Pet.)
[3] (Ex. A, Pet. at ¶¶ 7–8.)
[4] (Ex. A, Pet. at ¶¶ 11, 14.)
[5] (Ex. A, Pet. at ¶¶ 11-12.)
[6] (Ex. A, Pet. at ¶¶ 13–22.)
[7] (Ex. A, Pet. at ¶¶ 13-15.)

misrepresented pertinent facts or insurance policy provisions relating to coverage; (2) denied coverage for a valid claim; and (3) arbitrarily, capriciously, or without probable cause failed to pay the amount of the claim due to plaintiff within 60 days after receipt of satisfactory proof of loss.  The Petition seeks general and special damages resulting from this alleged breach of duty of good faith and fair dealing "as well as penalties . . . in an amount not to exceed two times the damages sustained."[8]

9. For the third cause of action, the Petition alleges that Travelers owed Condrey a duty to pay the full amount of the claim within 30 days after receipt of satisfactory proof of loss under La. R.S. 22:1892, and that Travelers violated that statute by failing to pay Condrey for its alleged damage.  The Petition alleges that as a result of this alleged violation Travelers is liable to Condrey for "fifty percent damages on the amount found due to Condrey, as well as reasonable attorney's fees and costs."[9]

10. The Petition's prayer requests judgment against Travelers for plaintiffs' "general and special damages, statutory penalties pursuant to La. R.S. 22:1973 and 22:1892, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show itself [sic] entitled."[10]

**TIMELINESS OF THE REMOVAL**

11. Travelers was served with a copy of the Petition via the Louisiana Secretary of State's Office on December 19, 2019.[11]

12. This removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1) as it is being filed within 30 days of Travelers' receipt of the Petition.

---

[8] (Ex. A, Pet. at ¶¶ 16-18.)
[9] (Ex. A, Pet. at ¶¶ 19-21.)
[10] (Ex. A, Pet. at ¶ 24.)
[11] (Ex. A, Citation & Service Return.)

## BASIS OF REMOVAL—DIVERSITY JURISDICTION

13. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and this matter is therefore removable to this Court under 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

14. Plaintiff, Condrey Land LLC, is a Louisiana limited liability company, whose sole member and manager is Ricky A. Condrey. Upon information and belief, Ricky A. Condrey is a citizen of Louisiana.[12] Therefore, Condrey Land, LLC is considered a citizen of Louisiana.[13]

15. Plaintiff, Witten Construction LLC, is also a Louisiana limited liability company, whose members are Kenny Witten and Steven Thompson. Upon information and belief, Kenny Witten and Steven Thompson are both citizens of Louisiana. Therefore, Witten Construction, LLC, is also considered a citizen of Louisiana.

16. Defendant, The Travelers Indemnity Company of Connecticut, is a foreign corporation. Travelers is incorporated in Connecticut and it has its principal place of business in Connecticut. Therefore, Travelers is considered a citizen of Connecticut.[14]

17. Thus, there is complete diversity of citizenship between plaintiffs and defendant as required by 28 U.S.C. § 1332(a).

---

[12] *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.").
[13] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").
[14] *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

4061019v1

## AMOUNT IN CONTROVERSY IN EXCESS OF $75,000.00

18. The notice of removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money.[15] In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."[16]

19. The insurance policy under which Condrey's claim is asserted has building coverage limits for the subject Property in the amount of $4,836,000 on a replacement cost basis, subject to a $5,000 per occurrence deductible.

20. As noted above, the Petition expressly alleges that the Property sustained "extensive damage", including damage to the roofing system, as a result of a "severe weather-related event" on April 13, 2019, rendering it facially apparent from the Petition that the amount in controversy exceeds $75,000.[17]

21. Furthermore, during the course of adjustment Travelers measured the full cost of repair of Condrey's damages at $162,143.45 and made an actual cash value payment based on that measure. However, Plaintiffs disagreed with that measure and subsequently presented Travelers with an Xactimate estimate in support of the claim totaling $1,428,310.96, reflecting a dispute between Travelers and Condrey of more than $1.2 million.

22. The Petition alleges that Travelers breached its policy by failing to pay the amount of their claim.[18]

---

[15] 28 U.S.C. § 1446(c)(2)(A)(ii).
[16] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).
[17] (Ex. A, Pet. at ¶ 11.)
[18] (Ex. A, Pet. at ¶¶ 14-15.)

23. Thus, the claim submitted before suit was filed, along with the allegations in the Petition, further establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. Moreover, the Petition asserts claims for bad faith penalties under both La. R.S. 22:1892 and La. R.S. 22:1973.  Specifically, the Petition alleges that, in addition to the amounts owed on the claim itself, plaintiffs are also entitled to penalties of "fifty percent damages on the amount found due" and reasonable attorney's fees under La. R.S. 22:1892, and to penalties in an amount not to exceed two times any damages sustained under La. R.S. 22:1973.[19]

25. Although Travelers denies it acted in bad faith, such claims for penalties and attorneys' fees are properly included in determining the jurisdictional amount. *See*, *e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law).  These claimed penalties and fees further establish that the $75,000 amount in controversy requirement is met.

26. Finally, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *De Aguilar*, 47 F.3d at 1412 n.10.  No binding stipulation or affidavit was filed with the Petition.  Nor does the Petition include an allegation that the

---

[19] (Ex. A, Pet. at ¶¶ 16-18, 19-22.)

4061019v1

damages sought are less than the jurisdictional minimum of this Court, which, if that representation were true, would be required by La. C.C.P. art 893.[20]

27. The facts in controversy in this matter show that plaintiffs are seeking damages in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) has been met.

## COPY OF ALL PROCESS, PLEADINGS, AND ORDERS

28. A copy of the suit record from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, bearing Suit No. 2019-3475, is attached as Exhibit A, *in globo*, which exhibit includes a copy of all process, pleadings, and orders served upon defendant as required by 28 U.S.C. § 1446(a).

## NOTICE TO ADVERSE PARTIES AND COURT

29. Travelers is providing written notice of the removal of this action to counsel for plaintiffs and to the Clerk of Court for the Fourth Judicial District Court for the Parish of Ouachita as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

30. Travelers hereby demands a trial by jury.

---

[20] La. C.C.P. art. 893 states in pertinent part that "[t]he prayer for relief [in any original, amended, or incidental demand] shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim . . . is less than the requisite amount is required." La. C.C.P. art. 893(A)(1).

Respectfully submitted:

*/s/ Joseph P. Guichet*
Joseph P. Guichet, T.A., #24441
Stephen F. Butterfield, #35689
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: jguichet@lawla.com
  sbutterfield@lawla.com
**ATTORNEYS FOR DEFENDANT, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, a copy of the foregoing was filed electronically with the clerk of court using the CM/ECF system and forwarded to all counsel via U.S. mail, postage prepaid.

*/s/ Joseph P. Guichet*
Joseph P. Guichet